**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FORREST RAY KYLE,
            *Petitioner-Appellant,*

v.

MIKE COLEMAN, Warden, Mount
Olive Correctional Complex,
            *Respondent-Appellee.*

No. 02-7830

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CA-02-10-2)

Submitted: April 8, 2003

Decided: May 30, 2003

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Paul Raymond Stone, Jr., Charleston, West Virginia; Richard M. Gut-
mann, Morgantown, West Virginia, for Appellant. Darrell V.
McGraw, Jr., Dawn Ellen Warfield, John Rufus Blevins, OFFICE OF
THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Forrest Kyle appeals from the district court's order accepting the magistrate judge's recommendation to deny relief on Claims 1, 2, 3, 7, and 9 in his petition filed under 28 U.S.C. § 2254 (2000). The district court certified the order for interlocutory appeal pursuant to Fed. R. Civ. P. 54(b). Although neither party has challenged the district court's certification of this appeal under Rule 54(b), we must consider sua sponte the issue of whether the district court's entry of final judgment was warranted because it involves the scope of our jurisdiction.* *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993). We dismiss the appeal for lack of jurisdiction.

Certification pursuant to Rule 54(b) is disfavored in this circuit. *Id.* at 1335. In certifying an appeal, the district court must determine "whether there is no just reason for the delay in the entry of judgment." *Id.* Although we have set forth factors a court should consider in making such determination, *id.* at 1335-36, the district court did not address any of those factors in its order. "The expression of clear and cogent findings of fact is crucial" for appellate review of the court's certification decision. *Id.* at 1336. While the district court found that an immediate appeal would expedite and simplify the complex issues in Kyle's case, that finding is not supported by the record.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See Braswell*, 2 F.3d at 1335-36; *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (discussing standard of review). We

---

*Although Kyle filed his notice of appeal before the district court certified the order under Rule 54(b), we have adopted the majority view in holding that "absent prejudice to the appellee, the district court's Rule 54(b) certification may follow the notice of appeal." *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 532 (4th Cir. 1991).

deny Kyle's motions for appointment of counsel and for postponement of appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*